UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN RANDOLPH,**

    **Plaintiff,**

**v.**                                            **Case No:**

**CAPITAL ONE BANK (USA), N.A.,**

    **Defendant.**                      **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **BRIAN RANDOLPH** ("Mr. Randolph" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **CAPITAL ONE BANK (USA), N.A.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Randolph's Cellular Telephone after Mr. Randolph

demanded that Defendant stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Randolph.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Mr. Randolph, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Randolph is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-0468 ("Mr. Randolph's Cellular Telephone").

6. At all times material hereto, Defendant was and is an active bank, FDIC # 33954, with its headquarters located at: 4851 Cox Road, Glen Allen, VA 23060.

## *Statements of Fact*

7. Mr. Randolph opened a credit card account with Defendant, which was assigned a unique account number under his name ("Account").

8. Sometime thereafter, Mr. Randolph encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. Accordingly, in or around July of 2018, Defendant began placing calls to Mr. Randolph's Cellular Telephone in attempts to collect the Debt.

10. Mr. Randolph spoke with Defendant in or around September of 2018 and demanded that Defendant stop calling his Cellular Telephone.

11. Despite Mr. Randolph's demand, Defendant continued to place calls to Mr. Randolph's Cellular Telephone in attempts to collect the Debt.

12. Defendant has called Mr. Randolph's Cellular Telephone at least one-hundred (100) times during the time period from September of 2018 to the present date.

13. Defendant called Mr. Randolph's Cellular Telephone from several different telephone numbers, including, but not limited to: 800-955-6600.

14. All of Defendant's calls to Mr. Randolph's Cellular Telephone were placed in an attempt to collect the Debt.

15. Defendant has harassed Mr. Randolph due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

16. Mr. Randolph re-alleges paragraphs 1-15 and incorporates the same herein by reference.

17. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Randolph v. Capital One Bank, N.A.*
Page **3** of **10**

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

18. Mr. Randolph revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around September of 2018 when he expressly told Defendant to stop calling him.

19. Despite this revocation of consent, Defendant thereafter called Mr. Randolph's Cellular Telephone at least one-hundred (100) times.

20. Defendant did not place any emergency calls to Mr. Randolph's Cellular Telephone.

21. Defendant willfully and knowingly placed non-emergency calls to Mr. Randolph's Cellular Telephone.

22. Mr. Randolph knew that Defendant called Mr. Randolph's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

23. Mr. Randolph knew that Defendant called Mr. Randolph's Cellular Telephone using a prerecorded voice because Defendant left Mr. Randolph at least one voicemail using a prerecorded voice.

24. Defendant used an ATDS when it placed at least one call to Mr. Randolph's Cellular Telephone.

25. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Randolph's Cellular Telephone.

26. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Randolph's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Randolph's Cellular Telephone.

28. At least one call that Defendant placed to Mr. Randolph's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

29. At least one call that Defendant placed to Mr. Randolph's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

30. At least one call that Defendant placed to Mr. Randolph's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

31. At least one call that Defendant placed to Mr. Randolph's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

32. At least one call that Defendant placed to Mr. Randolph's Cellular Telephone was made using a prerecorded voice.

33. Defendant has recorded at least one conversation with Mr. Randolph.

34. Defendant has recorded more than one conversation with Mr. Randolph.

35. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Randolph, for its financial gain.

36. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Randolph's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

37. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Randolph, despite individuals like Mr. Randolph revoking any consent that Defendant believes it may have to place such calls.

38. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Randolph's Cellular Telephone.

39. As direct evidence of Defendant's corporate policies and procedures as described above, in December of 2018, YouMail identified Defendant as the number one volume robocaller nationwide with 29,559,800 calls placed to consumers in the **month of December 2018**, which is more than double the volume of its runner-up robocaller,

Wells Fargo, which had 13,916,000 calls to consumers in the month of December 2018. *See* **Exhibit "A."**

40. Defendant's phone calls harmed Mr. Randolph by trespassing upon and interfering with Mr. Randolph's rights and interests in his Cellular Telephone line.

41. Defendant's phone calls harmed Mr. Randolph by wasting his time.

42. Defendant's phone calls harmed Mr. Randolph by being a nuisance and causing him aggravation.

43. Defendant's phone calls harmed Mr. Randolph by causing a risk of personal injury to Mr. Randolph due to interruption and distraction.

44. Defendant's phone calls harmed Mr. Randolph by invading his privacy.

45. Defendant's phone calls harmed Mr. Randolph by causing him anxiety.

46. Defendant's phone calls harmed Mr. Randolph by causing a harm in his reputation.

47. Defendant's phone calls harmed Mr. Randolph by causing him emotional distress.

48. Defendant's phone calls harmed Mr. Randolph by causing him a loss of sleep.

49. Defendant's phone calls harmed Mr. Randolph by causing him stress.

50. Defendant's phone calls harmed Mr. Randolph by being an annoyance.

51. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

52. Mr. Randolph re-alleges paragraphs 1-15 and incorporates the same herein by reference.

53. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Randolph's Cellular Telephone despite Mr. Randolph's demand that Defendant stop calling him, which can reasonably be expected to harass Mr. Randolph.

54. As a result of the above violations of the FCCPA, Mr. Randolph has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

55. Defendant's phone calls harmed Mr. Randolph by trespassing upon and interfering with Mr. Randolph's rights and interests in his Cellular Telephone line.

56. Defendant's phone calls harmed Mr. Randolph by wasting his time.

57. Defendant's phone calls harmed Mr. Randolph by being a nuisance and causing him aggravation.

58. Defendant's phone calls harmed Mr. Randolph by causing a risk of personal injury to Mr. Randolph due to interruption and distraction.

59. Defendant's phone calls harmed Mr. Randolph by invading his privacy.

60. Defendant's phone calls harmed Mr. Randolph by causing him anxiety.

61. Defendant's phone calls harmed Mr. Randolph by causing a harm in his reputation.

62. Defendant's phone calls harmed Mr. Randolph by causing him emotional distress.

63. Defendant's phone calls harmed Mr. Randolph by causing him a loss of sleep.

64. Defendant's phone calls harmed Mr. Randolph by causing him stress.

65. Defendant's phone calls harmed Mr. Randolph by being an annoyance.

66. It has been necessary for Mr. Randolph to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

67. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Brian Randolph, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 22, 2019**,

    */s/ Michael A. Ziegler*
    Michael A. Ziegler, Esq.
    Florida Bar No. 74864
    mike@zieglerlawoffice.com

    */s/ Kaelyn Steinkraus*
    Kaelyn Steinkraus, Esq.
    Florida Bar No. 125132
    kaelyn@zieglerlawoffice.com

    Law Office of Michael A. Ziegler, P.L.
    2561 Nursery Road, Suite A
    Clearwater, FL 33764
    (p) (727) 538-4188
    (f) (727) 362-4778
    Attorneys and Trial Counsel for Plaintiff